IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL  :
ELECTRICAL BENEFIT FUND   :

   v.                     :   Civil Action No. DKC 22-0963

                           :
D'NARPO ELECTRICAL, LLC   :

**MEMORANDUM OPINION**

Pending in this action arising under the Employee Retirement Income Security Act of 1974 ("ERISA") is Plaintiffs' motion for default judgment and supplement. (ECF Nos. 6 and 13). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiffs' motion will be granted in part.

The background was recited in a Memorandum Opinion and Order issued August 8, 2022, requesting Plaintiffs to supplement and won't be restated here. (ECF Nos. 9, 10). Plaintiffs filed the requested supplement on August 31 along with a revised audit report and a request seeking additional attorneys' fees and accrued interest. (ECF No. 13). Plaintiffs request the court to consider the revised audit report because it is the report cited in the complaint and they inadvertently attached the wrong audit report to the motion for default judgment (ECF No. 6-6, p. 5). Plaintiffs

Case 8:22-cv-00963-DKC   Document 14   Filed 09/30/22   Page 2 of 4

also clarified that the overpayment of $1,115.09 was received in August 2019 and is not related to the instant debt.

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the complaint, Defendant is a signatory to the collective bargaining agreements with IBEW Local Union 98 and is, therefore, obligated to comply with the terms of the Trust Agreements. Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA. *See La Barbera v. Fed. Metal & Glass Corp.*, 666 F.Supp.2d 341, 348 (E.D.N.Y. 2009) (entering default judgment in favor of trustees where the complaint alleged that an employer refused to submit an audit despite being contractually bound to do so by a CBA and trust agreement); *see also National Elec. Ben. Fund v. AC-DC Elec., Inc.*, Civ. No. DKC 11-0893, 2011 WL 6153022 (D.Md. Dec. 9, 2011).

The initial motion for default judgment demanded payment of $30,246.30, representing $18,448.47 in unpaid contributions,

2

$5,040.40 in interest, $3,912.73 in liquidated damages, $753.90 for the cost of the audit, $1,538.80 in attorneys' fees, and $552 in costs.  At the direction of the court, Plaintiffs supplemented their motion for default judgment.  Plaintiffs' supplement requests judgment in the amount of $31,921.69, representing the same figures as noted above with an increase in requested attorneys' fees and accrued interest.

In support of these amounts, Plaintiffs submitted the affidavit and supplemental affidavit of Brian Killian.  Mr. Killian is employed by the National Electrical Benefit Fund as a Contribution Compliance Manager.  Attached to Mr. Killian's supplemental affidavit is a spreadsheet calculating interest and the audit report revised June 10, 2021.[1]  (ECF Nos. 13-1, 13-2, and 13-3).

Plaintiffs seek $3,912.73 in liquidated damages, $5,660.39 in interest assessed through September 30, 2022, on late contributions, and $753.90 representing the cost of the audit.  The affidavit of Brian Killian indicates that the agreement between the parties obligates Defendant to pay twenty percent (20%) as

---

[1] The audit report revised June 10, 2021, and attached to Plaintiffs' supplement replaces the audit report attached to Plaintiffs' motion for default judgment.  Plaintiffs request $18,448.47 in unpaid contributions in their complaint.  This figure is realized after subtracting the overpayment of $1,115.09 from the revised audit's findings of contributions due of $19,563.56.

liquidated damages, ten percent (10%) per annum as interest from the date of delinquency to the date of payment, and the cost of the audit.

Plaintiffs also seek $3,146.20 in attorneys' fees and $552 in costs.[2]  (ECF No. 13-1, p. 2).  Plaintiffs' counsel of record, Jennifer Bush Hawkins of Potts-Dupre, Hawkins & Kramer, Chtd., submitted a declaration in support of Plaintiffs' claim for attorneys' fees and costs and Mr. Killian's supplemental affidavit contained a table showing, with support, how the additional requested attorneys' fees were incurred.  (ECF Nos. 6-1, 13-1).

Plaintiffs' motion for entry of judgment by default and supplement will be granted.  Judgment will be entered for sums due plus accrued interest, attorneys' fees, and costs.  A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[2] The attorneys' fees sought in Plaintiffs' motion for default judgment of $1,538.80 and the supplemental requested fees of $1,230.40 total $2,769.20.  When the costs of $552 are added, the total is $3,321.20, however, Plaintiffs requested $3,146.20. Plaintiffs' attorneys' fees will be reduced to align with the amount requested.